IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Eric A. BRANDT, Attorney at Law.

Supreme Court

*No. 94-0496-D. Filed June 13, 1994.*

(Also reported in 516 N.W.2d 418.)

PER CURIAM.   *Attorney disciplinary proceeding;*
*attorney's license suspended.*

We review the recommendation of the referee that
the license of Eric A. Brandt to practice law in Wiscon-
sin be suspended for six months as discipline for
professional misconduct. That misconduct occurred in
his representation of clients in several matters and
included his failure to act with reasonable diligence
and promptness in representing his clients, failing to
respond to their requests for information concerning
their matters, failing to provide competent representa-

tion, failing to protect client interests upon termination of their representation, disobeying a court order to appear and failing to cooperate in the Board of Attorneys Professional Responsibility's (Board) investigation of allegations of his professional misconduct.

We determine that the recommended six-month license suspension is appropriate discipline to impose for Attorney Brandt's professional misconduct established in this proceeding. By that misconduct, Attorney Brandt has demonstrated a continuing unwillingness or inability to provide clients the services for which he was retained and to meet his professional obligations to the courts. It is also appropriate that Attorney Brandt be required, as the referee has recommended, to refund to one of his clients the unearned portion of a retainer he had been paid but for which he failed to perform the professional services.

Attorney Brandt was admitted to practice law in Wisconsin in 1991 and practiced in Appleton. The record discloses that he is not currently engaged in the practice of law. He has not previously been the subject of an attorney disciplinary proceeding but has been suspended from practice since October, 1993 for failure to pay State Bar dues and assessments. Based on Attorney Brandt's stipulation admitting the allegations of misconduct set forth in the Board's complaint in this proceeding, the referee, Attorney Charles J. Herro, made the following findings of fact.

In the fall of 1992 a man hired Attorney Brandt to represent a client in an appeal of a disorderly conduct citation and to commence actions against two neighbors for damages allegedly done to his property and gave Attorney Brandt a total of $1,500 as retainers in those matters. Attorney Brandt filed an action against

one of the neighbors but failed to arrange for service of process; he never filed an action against the other neighbor. The clerk of courts notified him that his check for the filing fee in the one action had been returned for insufficient funds and when Attorney Brandt did not pay the filing fee, his client's case was dismissed without prejudice. Attorney Brandt returned the $500 retainer for the suit he failed to file against one of the neighbors but kept the remaining retainers. After responding to the Board's initial request for information concerning the client's grievance, Attorney Brandt did not respond to the Board's subsequent inquiries and requests for information. The referee concluded that Attorney Brandt's conduct in this matter violated SCR 20:1.3,[1] 20:1.4(a) and (b),[2] 20:1.16(d)[3] and 21.03(4)[4] and 22.07(2) and (3).[5]

---

[1] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 20:1.4 provides:

**Communication**
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

[3] SCR 20:1.16 provides:

**Declining or terminating representation**
. . .
(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment

In another matter, Attorney Brandt was appointed in July, 1992 to represent a man as appellate counsel. Although he told his client he believed there were good grounds for an appeal and the client believed that he subsequently filed an appeal, Attorney Brandt never did file an appeal on behalf of his client. Attorney Brandt did not respond to his client's numerous requests for copies of transcripts and police reports and failed to respond to the Board's requests for information concerning the client's grievance. The referee

of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[4] SCR 21.03 provides:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[5] SCR 22.07 provides:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

concluded that Attorney Brandt violated SCR 20:1.3 and 21.03(4) and 22.07(2) and (3).

In the summer of 1993, the circuit court for Outagamie county ordered Attorney Brandt to appear personally and inform the court whether he was still representing a man on whose behalf he had commenced a defamation suit. When Attorney Brandt failed to appear at the scheduled time, the judge filed a grievance with the Board. Attorney Brandt did not respond in writing but told Board staff that he was no longer engaged in the practice of law and was willing to consent to the surrender of his license to practice law. The client in the defamation action unsuccessfully attempted to contact Attorney Brandt to learn the status of his action and ultimately obtained successor counsel. Attorney Brandt did not respond to inquiries from the district professional responsibility committee investigating this matter. The referee concluded that Attorney Brandt violated SCR 20:1.3, 20:1.4(a), 20:1.16(d), 21.03(4) and 22.07(2) and (3).

In November, 1992 Attorney Brandt was appointed to represent a man in postconviction proceedings. After the postconviction motions he filed were denied in March, 1993, Attorney Brandt did nothing further on his client's case. The court then asked him to return the original record and court file but Attorney Brandt did not respond. The circuit judge then told Attorney Brandt that he should either return the file or appear before the court to explain why he had not done so. Attorney Brandt did not appear at the scheduled court hearing, nor did he appear subsequently as the court ordered him to: The court then held Attorney Brandt in contempt for failing to appear and produce the original file and notified the Board. Attorney Brandt did not respond to requests from the

615

Board for information regarding this matter. The court file was ultimately recovered by the sheriff. The referee concluded that Attorney Brandt's conduct in this matter violated SCR 20:3.4(c),[6] 21.03(4) and 22.07(2) and (3).

In October, 1991 Attorney Brandt appeared at a divorce hearing on behalf of a client without having adequately prepared financial information necessary to proceed. Thereafter, he failed to investigate his client's claim that her husband had incorrectly listed debts on his financial statement and other financial matters at issue between the parties. Attorney Brandt never brought these issues up at the final divorce hearing but told his client to answer in the affirmative any questions he asked her at that hearing for the reason that the judge was already upset that he had not been prepared at the prior hearing. The client did as she was told, even though she disagreed with what she had been instructed to do, fearing that the judge would become angry and hold her in contempt. The client ultimately obtained other counsel to reopen a portion of the divorce judgment concerning property division, child support and maintenance and had adverse rulings modified in her favor. Attorney Brandt did not respond to inquiries from the Board concerning the grievance this client filed. The referee concluded that

---

[6] SCR 20:3.4 provides:

**Fairness to opposing party and counsel**
A lawyer shall not:

. . .

(c)   knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;"

Attorney Brandt violated SCR 20:1.1,[7] 21.03(4) and 22.07(2) and (3).

As discipline for that misconduct, the referee recommended that the court suspend Attorney Brandt's license to practice law for six months and require him to refund to the client in the first matter discussed above the sum of $350, representing the unearned portion of the retainer that client had paid him. The referee further recommended that Attorney Brandt be required to pay the costs of this proceeding.

We adopt the referee's findings of fact and conclusions of law and determine that the recommended six-month license suspension is appropriate discipline to impose for Attorney Brandt's professional misconduct. We also accept the referee's recommendation that Attorney Brandt be required to refund the unearned portion of the client's retainer and pay the costs of this proceeding.

IT IS ORDERED that the license of Eric A. Brandt to practice law in Wisconsin is suspended for a period of six months, commencing the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Eric A. Brandt refund the unearned portion of the client's retainer as recommended by the referee in this proceeding.

IT IS FURTHER ORDERED that within 60 days of the date of this order Eric A. Brandt pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are

---

[7] SCR 20:1.1 provides:

**Competence**

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Eric A. Brandt to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Eric A. Brandt comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.